ELIZABETH KENNERLY, Appellant, v. RUBY ANN BRAGG,
Respondent.

#### April 10, 1876.

1. In the case of a negotiable and negotiated promissory note, the receipt of
principal and interest, after dishonor, by the holder, who purchased for
value, is no waiver of the claim for damages.

APPEAL from St. Louis Circuit Court.
*General term reversed; special term affirmed.*
*A. R. Taylor*, for appellant, cited : Wag. Stat. 215, sec.
7, p. 216, secs. 10, 11, 12, 15 ; Bangor Bank *v.* Hook, 5

Greenl. (Me.) 176; Wood v. Watson, 53 Me. 300; Clark v. Schneider, 17 Mo. 295; Farrell v. Fritchle, 30 Mo. 190; Puckett v. Redman, 3 Miss. (2 How.) 688.

W. C. Bragg, for respondent, cited: Bangor Bank v. Hook, 5 Greenl. (Me.) 174; Warren v. Coombs, 20 Me. 139; Bayley on Bills (2d Am. ed.), 387; Page, Bacon & Co. v. Warren et al., 4 Cal. 395; Kearner v. Kennedy et al., 4 Har. & J. (Md.) 240; Johnson v. Frank, 16 Ark. 199; Phipps et al. v. Addison et al., 7 Blackf. (Ind.) 375; Crawford v. Walcott, 11 Ohio, 145; Kendricks v. Lomax, 3 Comp. & J.; Bowers et al. v. Stoddard, 10 Metc. (Mass.) 375.

BAKEWELL, J., delivered the opinion of the court.

This is a suit, by the indorsee, for value, of a negotiable promissory note negotiated, for value, before maturity. The defendant is the maker of the note. The petition alleges demand on the maker, refusal, notice to the indorser, and protest, and says that, after maturity, defendant paid to plaintiff the principal and interest, and asks judgment for $140, being damages in lieu of protest on said note.

To this petition defendant demurred, on the ground that the petition does not set forth facts sufficient to constitute a cause of action, because—

1. "It is admitted that the principal and interest of the note are paid."

2. "It appears from the petition that damages, in lieu of protest charges, are asked for, when no part of the note is left unpaid to which damages may attach."

3. "Damages in lieu of protest charges are allowed only by the judgment of a court in an action brought on an unpaid bill or note, or on an unpaid balance thereof."

The Circuit Court overruled the demurrer, and, defendant refusing to plead, gave judgment for plaintiff. On appeal to general term, this judgment was reversed and the cause remanded.

We entertain no doubt that the demurrer was properly overruled, and that plaintiff was entitled to judgment.

It is not contended that plaintiff could not have recovered principal, interest, and damages at 4 per cent. in a suit upon the note, had only a portion of the principal and interest been paid ; but defendant claims that the receipt of the principal and all the interest is a waiver of the claim for damages.

The law on this subject, in this State, is too plain to leave any room for doubt as to its meaning. According to its terms there shall be allowed and paid to the holder of a negotiable promissory note, who has purchased or acquired an interest therein for a valuable consideration, by the maker and indorsers having notice of dishonor, damages at the rate of 4 per cent. on the principal sum specified in the note. The law gives this sum as liquidated damages, in lieu of protest charges, and other charges and expenses, and provides that, if payment of principal sum, interest, and protest charges, be made within twenty days after demand, or notice of dishonor, then no damages are to be recovered. Wag. Stat. 215–217, secs. 7, 10, 11, 12, 15, 16.

The petition shows that no payment was made till October 7th. The note was protested on June 29th.

It is not alleged that any tender was made, or that protest fees were ever paid, and it appears, from the petition, that plaintiff retained the note.

We are referred to some authorities in support of the position of defendant, but, on reference to them, we do not find that they support that position. On the contrary, they are either founded upon statutes whose provisions differ from our own, or they are aside from the question before us, or they support the view of the law taken in this opinion.

In *Page* v. *Warner*, 4 Cal. 395, the court hold the acceptance of payment of one set of bills of exchange a waiver of all claim of damages ; but in that case the evidence of

debt was surrendered and canceled, and the interest and protest fees were paid and accepted with the principal, and the court assigns these facts as the ground of its judgment. From the petition in the case at bar it affirmatively appears, on the contrary, that the note was retained by plaintiff, and that the protest fees were not paid.

It is unnecessary further to refer to authorities. It cannot be said that plaintiff waived her claim. The petition alleges that she accepted part of her due, but says nothing from which any waiver can be inferred.

The judgment of the Circuit Court at general term, reversing the judgment of special term, is reversed, and the judgment of the Circuit Court at special term is affirmed. The other judges concur.